### AYRES ET AL. v. SHIELDS.

APPEAL — OBJECTIONS NOT RAISED BELOW.— When there is sufficient legal evidence to support the judgment it cannot be disturbed upon appeal because joint and several demands were improperly commingled at the trial, no objection for this reason having been interposed.

*Appeal from La Plata County Court.*

Mr. D. W. AYRES, for appellants.

Mr. H. GARBANITI, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

In the month of March, 1883, appellee made a written lease with appellant D. W. Ayres of a certain dairy ranch, with fixtures, belonging to appellee, and situate in La Plata county, in this state.   By the terms of this lease the said D. W. Ayres was to pay the sum of $50 per month for the period of five months for the use of said property, the rent to be paid monthly at the end of each month.   Ayres went into possession under the lease upon the 1st day of the following month of May, and continued to hold such possession until some time in the following month in July, at which time, the rent not having been paid as per the terms of the written agreement, Shields declared the lease forfeited, and again

went into possession; the property having been returned to Shields by a son of Ayres during the absence from the ranch of the latter.

For the rent for the months of May and June, appellant executed and delivered to appellee written obligations signed by himself and wife, in which the faithful carrying out of the agreements of said lease by Shields was expressly made a condition to the payment thereof. One of these instruments, by its terms, fell due upon the last day of May, and the other on the last day of June, 1883. Upon June 19th appellants paid $10 upon the first of these instruments, and upon July 3d made a further payment of $14. These were the only payments that had been made at the time suit was brought. Appellee instituted this suit for the balance due upon these written instruments, also including in his demand certain other sums claimed to be due him from D. W. Ayres for various articles which he claimed to have furnished the said D. W. Ayres at the latter's special instance and request. Defendants claimed a breach in the conditions of the lease on the part of appellee, and damages therefor.

The case was commenced before a justice of the peace. The trial before that officer resulting in a verdict for appellee, appellants brought the case into the county court by appeal. A jury having been expressly waived in the latter court, the case was tried to the court. This trial resulting in a judgment for Shields in the sum of $76, the case is brought here by appeal.

Upon the trial in the county court both parties were allowed, without objection, to introduce testimony concerning a number of unsettled transactions between them. By the testimony of appellee, it was shown that D. W. Ayres was indebted to him in the sum of $35 for ice, $2.50 for wagon hire, $8.64 for milk bottles, $14 for a butter-worker; making a total of $60.14 for those items, in addition to the amount claimed to be due upon

the written instruments, which were also introduced without objection.

On the part of appellants, evidence was received tending to show that appellee had not complied with the terms of the written lease, and going to show that appellant had been greatly damaged by such failure, all of which was disputed by witnesses called by appellee, and by appellee himself, who was sworn as a witness in his own behalf. Upon the evidence the trial court rendered judgment in favor of appellee for the sum of $76, but we are not advised by the record, and have no means of ascertaining, what items went to make up this sum.

Appellants did not object at the trial to the commingling of joint and several demands, and do not do so now. All the evidence offered by either party was admitted without objection; and, upon the record presented, we cannot say that the judgment is not warranted by the evidence. It must therefore be affirmed.

*Affirmed.*